BOND (BLEECKER v.). See Cases Nos. 1,-534 and 1,535.
BOND (BLEEKER v.). See Case No. 1,536.

## Case No. 1,620.

### BOND v. The CORA.

[2 Pet. Adm. 361.][1]

District Court, D. Pennsylvania. 1806.[2]

SALVAGE—AMOUNT—PERSONS ENTITLED TO SHARE—FREIGHTER — PASSENGER — SHARE OF OWNER AND CREW.

The brig Ceres of New York, on her voyage from the Havana home, fell in with the British brig Cora, deserted by her crew, and with five feet water in her hold. A part of the crew of the Ceres were put on board the Cora, who with much difficulty brought her into Philadelphia. The Ceres was exposed to great danger from the absence of some of her hands. The British consul filed a libel praying that the Cora might be restored on paying salvage. The salvors, owners, and crew of the Ceres filed their libel for salvage; and a Spaniard who had been a passenger on board the Ceres also claimed a proportion of the salvage. There was also a libel for salvage filed by the owners of goods on freight on board the Ceres. One third of the gross amount of sales was decreed by the district court to the owners, crew and passengers of the Ceres, and the claim to salvage by the freighters was dismissed. From this decree there was an appeal to the circuit court, where the decree of the district court was affirmed.

[Cited in Weeks v. The Catharina Maria, Case No. 17,351; Tyson v. Prior, Id. 14,-319; Waterbury v. Myrick, Id. 17,253; Hand v. The Elvira, Id. 6,015; The Henry Ewbank, Id. 6,376; Smith v. The Joseph Stewart, Id. 13,070; The Nathaniel Hooper, Id. 10,032; The John Wurts, Id. 7,434; Evans v. The Charles, Id. 4,556; Sinclair v. Cooper, 108 U. S. 358, 2 Sup. Ct. 758.]

[In admiralty. Libel by Phineas Bond, Esq., his Britannic majesty's consul general for the middle and southern states, against

[1] [Reported by Richard Peters. Jr., Esq.]
[2] [Affirmed by circuit court in Bond v. The Cora, Case No. 1,621.]

the British brig Cora, praying a restoration of the said brig to her owners; also libel for salvage against the said brig by Nathaniel L. Griswold and George Griswold, owners of the brig Ceres, Bartlet Shepherd, master, and others, seamen, of the Ceres; also a libel for salvage by Don Juan de Echevirria, passenger, and by Daniel Ludlow and others, shippers of cargo, on board the Ceres. Decree awarding salvage, directing sale and restoration of residue to claimants, and dismissing libel of the shippers.]

Libel: "To the Honourable Richard Peters, Judge of the District Court of the United States for the District of Pennsylvania. Phineas Bond, Esq., his Britannic majesty's consul-general for the middle and southern states of America, with all due respect sheweth: That a certain British brig, of very considerable value, laden, as he is informed, with coffee and sugar and other articles, bound from Jamaica to London, hath been found at sea, deserted from necessity by her crew, and brought by certain persons to him unknown into the port at Philadelphia, and is now riding at anchor at the Lazaretto. That the said brig is, he believes, named the Cora, but he knoweth not to whom the said brig and cargo belong, but has reason to believe that they are the property of subjects of his Britannic majesty. On behalf of whom it may concern, he prays, that the said brig and cargo, may by the process of the district court, be taken into the custody of the marshal, and restored to the owner, or owners of the same, after payment of reasonable salvage to those who have brought the same into port, or that such other steps may be taken in the premises as to your honour shall seem fit. P. Bond. Edw. Tilghman, Proctor."

"The libel of Nathaniel L. and George Griswold of the city of New York, merchants, Bartlet Shepherd of the same place, sea captain, and of Dennison Wood, late mate, Andrew Eddy, Thomas Ferris, John Brown, and Joseph Chaplis, seamen, and Joseph Lawrence, cook of the brig Ceres of New York, respectfully sets forth: That your libellants, the said Nathaniel L. and George Griswold, are the owners of a certain brig called the Ceres, of which the said Bartlet Shepherd is master, and the said Dennison Wood, mate, the said Andrew Eddy, Thomas Ferris, John Brown and Joseph Chaplis, seamen, and the said Joseph Lawrence, cook, which said brig Ceres, on her return voyage from Havanna, loaded with sugars, &c. and destined for New York, viz. on or about the twenty-sixth day of August last, on the high seas, in latitude 32, and longitude 77½, W. of London, fell in with a certain brig or vessel, called as your libellants believe 'The Cora,' altogether deserted and derelict, with five feet water in the hold of the said brig, and with her rigging very much shattered and injured. Whereupon your libellants, the said Bartlet Shepherd, Dennison Wood and others the crew of the

said brig Ceres took possession of the said brig Cora; and after much difficulty and danger, and with the exposure of their lives and of the loss of the said brig Ceres, the said Cora was pumped out by some of the crew of the said brig Ceres and taken in tow by the said brig Ceres, and by her drawn towards land. That by order of your libellants the said Bartlet Shepherd, the said Dennison Wood, Andrew Eddy, and Thomas Ferris went on board of the said brig Cora, and have continued on board of her unto this time. That on or about the third day of September a violent squall came on which separated the said brig Ceres from the said brig Cora; and the said Dennison Wood and others on board the said Cora, in obedience to the orders they had received from the said Bartlet Shepherd, and as soon as the said squall had abated, by constant exertion, brought the said Cora into the port of Philadelphia, where they arrived on or about the fourteenth day of September. Your libellants therefore pray, that the said brig Cora, her furniture, tackle, &c. together with her cargo, and every thing found on board of her, may be adjudged to them as deserted, derelict,[2] and by reason of the premises, having become the property of your libellants, in such parts or portions as to this honourable court may seem proper, and according to the laws and regulations of the admiralty. Richard Peters, Jun., Proctor for the Libellants."

"The libel of Don Juan de Echevirria, a subject of his Catholic majesty, most respectfully sheweth: That your libellant is, and for many years now last past has been, a captain or master of ships and vessels in the merchant service of Spain, duly licensed and admitted according to the marine law and regulation of that country; and as such is skilled and experienced in the navigation and management of ships and vessels. That on the fifth of June now last past, your libellant was owner and master of a certain Spanish brigantine called the Felix, and being with his said vessel in the course of a voyage, he was on that day captured on the high seas by a British privateer, and carried with his said vessel into the island of Jamaica, where his person was released and he received a passport from the British government there to go to Batavano, in the island of Cuba, from whence he went to the port of the Havanna: that it being his intention to go from thence to Montevideo on the Spanish American continent, he shipped himself as a passenger at the Havanna aforesaid on board a certain American brig, called the Ceres, Bartlet Shepherd master, of the burthen of one hundred and thirty-five tons, or thereabouts, bound to the port of New York, navigated by the said captain, his mate, and four seamen, making in all six persons, and there were no other persons on board, but the said six persons, the cook and your libellant, who was a passenger as aforesaid, and who agreed to pay to the said captain Shepherd, forty dollars, for the transportation of himself and his effects to New York. That they sailed from the Havanna on the seventeenth of the said month, and continued their voyage until they were in thirty-three degrees north latitude, and sixty-three degrees west longitude, something more or less, when they saw a sail in the evening under a heavy squall, which did not appear to be taking any precautions to guard against it. That your libellant insisted upon it to Captain Shepherd, that there was nobody on board of the said vessel, on which he answered, that she might be a privateer, and that he did not want to go on board, the wind being favourable for continuing our navigation; that your libellant again represented to him that the said vessel had few or no people on board; on which, and on which only, he determined to speak her, which they did about seven o'clock in the evening, and after having hailed her several times, and nobody answering, it was thought proper to put out the long boat: that your libellant offered to go on board of the said vessel, but Captain Shepherd would not permit it, but sent his mate with two men on board of her, who informed us that she was entirely deserted by her crew, and that she made a great deal of water. The boat returned with two more men, in order to pump out the water; but after having pumped the pumps almost dry, it was found that she did not make any water at all; and in the mean time, your libellant and two other persons were the only ones who remained on board of the Ceres, took in reefs, and did the work of that vessel until near midnight, when the boat returned from the deserted vessel. That the next morning at five o'clock Captain Shepherd again put the boat to sea, for the purpose of overhauling the cargo of the deserted brig: he went in consequence to the brig with all his people, leaving the cook alone with this libellant, to take care of the Ceres; that your libellant with the said cook remained on board the Ceres, and kept tacking about until one o'clock in the afternoon, at which time they perceived a dismasted ship, and two of the mariners then returned with the captain on board of the Ceres, leaving the mate and the two other mariners on board of the deserted brig, with directions to sail after them and pursue the same course, but they were afterwards separated by a gale, and the deserted brig was brought into Philadelphia, where she is now libelled in this honourable court for salvage, by the name of the brig Cora; and your libellant further says, that the Ceres then sailed towards the dismasted ship, and having come within hailing distance, and found that there was nobody on board, Captain Shepherd

---

[2] The claim to the Cora as a derelict was afterwards given up, and the libellants proceeded for salvage only.

with his two mariners went on board of her and brought from thence sundry articles of apparel and furniture, such as sails, pieces of sail cloth, spy-glasses, compasses, &c., and for the space of three hours while they were bringing the said articles, your libellant remained alone with the cook on board the Ceres, tacking about, and exerting themselves to keep her right, Captain Shepherd not permitting him to go either on board the ship or the deserted brig, and thus they pursued their navigation until they arrived at New York. Your libellant, from the time that they first saw the deserted brig, working on board the said brig Ceres like a common seaman, and making extraordinary exertions from the small number of people that were on board; and your libellant never quitted the Ceres, nor ceased to assist in working on board of her until the whole cargo was delivered at New York aforesaid. And your libellant further says, That in consequence of the necessary assistance that he gave in working the Ceres, which was necessitated by part of her original crew being employed in the salvage of the deserted brig, and of articles out of the dismasted ship, and the risk of his life which he ran by being obliged to work the Ceres with a reduced number of men, and sometimes with the cook alone, he conceives that he has effectually assisted by his labour and danger in the said salvage, and is entitled to a reasonable part of the reward to be allowed by this honourable court for the same. He therefore humbly prays your honour will be pleased by your decree in the cause of salvage now pending before you, at the instance of the said Bartlet Shepherd, his owners and crew, to decree such a proportion of the said salvage to your libellant, as in your wisdom shall seem just, and he shall ever pray, &c. P. S. Du Ponceau, Attorney for Libellant."

"The libel of Daniel Ludlow and others, shippers of the cargo on board the brig Ceres for themselves and all others entitled humbly shews: That on the twenty-sixth day of August, in the year of our Lord one thousand eight hundred and six, the said brig being on a voyage from the Havanna to New York, on the high seas, in latitude thirty-two degrees, and longitude seventy-four degrees and thirty minutes west from London, fell in with a certain brig or vessel, called as your libellants believe 'The Cora,' altogether deserted and derelict, with five feet water in her hold, and with her rigging much shattered and injured. Whereupon the crew of the said brig Ceres took possession of the said brig or vessel called the Cora, with much labour and difficulty, and with the exposure to imminent danger and loss of the cargo of the said brig Ceres. That the said vessel or brig called the Cora was taken in tow by the said brig Ceres, and by her drawn towards land. That some of the crew of the said brig Ceres went on board of the said brig or vessel called the Cora, and

thereby left the said cargo in the said brig Ceres aforesaid in imminent risk or danger; and the said part of the crew of the Ceres afterwards, to wit, the —— day of September, in the year aforesaid, brought the said brig or vessel called the Cora into the port of Philadelphia. Your libellants therefore pray, that such part or portion of the said brig or vessel called the Cora, her tackle, apparel and furniture, together with her cargo, or whatever else may be found on board of her may be adjudged to them as reasonable salvage as to this honourable court may seem proper, and according to the laws and regulations of the admiralty. Ingersoll, Proctor, &c."

The value of the Ceres was stated and agreed to be $4500, her freight and the property on board of her belonging to her owners was estimated at $4864 17, and the whole value of the goods on freight on board the Ceres, was $13,400. The Cora and her cargo were sold by the marshal, and produced $47,308 63; and the duties with the costs and expenses attending the proceedings amounting to $9989 37, left the net product of the sales $37,319 26. The claim of the freighters to salvage was opposed by Rawle and Peters, Jun., for the owners of the Ceres, and supported by Ingersoll for Ludlow and others, owners of that part of the cargo of the Ceres which was on freight. In opposition to the claim it was urged that a deviation had been committed by the master of the Ceres, for which her owners were responsible, and who became insurers of the property of the freighters, from the time the deviation took place. Encountering all the risks incurred by the property on board the Ceres in bringing in the Cora, to them only ought the salvage, which would be allowed by the court, for the dangers to which the Ceres and her cargo were exposed, be given. The case of The Blaireau, 2 Cranch [6 U. S.] 240, decided in the supreme court of the United States, was not admitted as an authority in support of the claims of the freighters, as it was contended, one of the charterers and owners of the cargo of the Fame being on board of her, and consenting to the deviation committed by the Fame, in that case discharged her owner from his responsibility under the bills of loading and charter-party, and thus the charterers became entitled to part of the salvage. The case of The Jefferson [Morehouse v. The Jefferson, Case No. 9,793] was also to be rejected, as the captain of the finding vessel and owner of part of the cargo, could have no claim on his owners for the loss of his goods after having himself committed the deviation. These, it was urged, were the only cases in which owners of cargo, who were not owners of the saving vessel, had received salvage.

On the part of the freighters it was stated that the owners of the Ceres, and the master were the agents of the freighters for the pur-

pose of transporting the cargo and not for any other, and that they had no right to put the property on freight at risk. That if the principle upon which the owners of the vessel claim salvage, for the risk encountered by the part of the cargo or freight was correct, it would extend to give the whole of the salvage to the master, as he, being the agent of the owners, would be responsible to them for the consequences of his deviation; and having the responsibility, he should be compensated for the risk incurred by it. It was said, that as property at risk earned salvage, and the owners of the Ceres are entitled to salvage for the risk run by their vessel, the owners of the goods are equally entitled. The case of The Blaireau was claimed as an authority in support of these positions, and it was alleged that the charterer Christie, could not discharge the responsibility of the owner of the Fame for that part of the property which belonged to the co-charterer, and yet the charterers were both allowed salvage. The right of a vessel to stop in order to assist another in distress was contended for, and it was said the insurer was not affected by such a delay.

The removal of the case by appeal to the circuit court being determined on, no further argument took place in the district court, and the following decree was given:

### Decree.

I, Richard Peters, judge of the district court of the United States in and for the district of Pennsylvania, having duly considered the libels filed in this case, and the several claims exhibited for salvage, as also the testimony adduced in support thereof, do thereupon adjudge, order and decree, as follows: that is to say—The libel of Daniel Ludlow, claiming salvage as owner of the cargo on board the Ceres, I dismiss with costs. The gross amount of the sales of the said brigantine Cora and her cargo, as appears by the marshal's returns, is forty-seven thousand, three hundred and eight dollars, and sixty-three cents. Of this sum I adjudge, order and decree, that the salvors have and recover, in full satisfaction for and as salvage, the one-third part, or fifteen thousand seven hundred and sixty-nine dollars, and fifty-four cents to be apportioned in the following manner, that is to say:

| | | |
|---|---|---|
| Nathaniel L. and George Griswold, the owners of the brigantine Ceres, shall receive and take one third part of the said sum of fifteen thousand seven hundred and sixty-nine dollars and fifty-four cents, or........ | | $ 5,256 51 |
| The remaining two-thirds parts of the said sum of fifteen thousand, seven hundred and sixty-nine dollars and fifty-four cents, shall be divided into twenty-four equal parts or shares, whereof Bartlett Shepherd, the master of the Ceres, shall receive and take shares | 6 | 2,628 26 |
| Dennison Wood, the mate, shall receive and take............ | 4 | 1,752 17 |
| Andrew Eddy, seaman........ | 3 | 1,314 14 |
| Thomas Ferris　　do.......... | 3 | 1,314 14 |
| John Brown'　　　do........... | 2 | 876 8 |
| Joseph Chaplis　　do........... | 2 | 876 8 |
| Joseph Lawrence, cook........ | 2 | 876 8 |
| Don Juan de Echevirria, passenger ..................... | 2 | 876 8 |
| Shares | 24 | $15,769 54 |

And I finally adjudge, order and decree, that the duties, costs, charges and expenses shall be deducted from and paid out of the remaining two-thirds of the said gross amount of sales, and that the residue thereof shall be paid over to the libellants for the benefit of the concerned.

RICHARD PETERS.

From this decree an appeal was entered to the circuit court of the United States. [See Bond v. The Cora, Case No. 1,621.]